IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01289-PAB

DIVERSATEX, INC.,
d/b/a Rocky Mountain Concepts,

    Plaintiff,

v.

DENSHER, INC.,
a South Dakota corporation d/b/a Henderson Laser Crafts,

    Defendant.
_____

**ORDER REMANDING CASE TO STATE COURT**
_____

This matter is before the Court on review of the file following defendant Densher, Inc.'s removal of the case to this Court on June 3, 2009 [Docket No. 1].  Plaintiff Diversatex, Inc. commenced this action in the Denver County District Court on May 1, 2009 [Docket No. 1-6].  On May 6, 2009, defendant was served with the Complaint [Docket No. 1-9].  On June 2, 2009, defendant filed a notice of removal with this Court, invoking the Court's jurisdiction under 28 U.S.C. § 1332.  For the reasons discussed below, I conclude that the defendant has failed to establish that the Court has subject matter jurisdiction of this matter and, as a consequence, the case must be remanded to the State court.

Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction

of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).

In a removal case asserting the Court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

Here, because the complaint does not claim damages in a sum certain, I look to the notice of removal to determine if defendant has "affirmatively established" the amount in controversy. *Laughlin*, 50 F.3d at 873. My inquiry is guided by the principle that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1289-90; *see also Laughlin*, 50 F.3d at 873 ("[T]here is a presumption against removal jurisdiction.").

The only evidence that defendant Densher proffers regarding the amount in controversy in this case comes from the District Court Civil Case Cover Sheet filed in State court. In its Notice of Removal, Densher asserts that "[t]he District Court Civil Case Cover Sheet For Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third

Party Complaint ("Civil Cover Sheet") prepared by Plaintiff states that Plaintiff is seeking a monetary judgment for more than $100,000.00 against Densher." Notice of Removal [Docket No. 1-1] ¶ 7.

It is well-settled in this district that a plaintiff's representation in a Civil Cover Sheet is insufficient to satisfy the amount in controversy requirement under § 1332. *See*, *e.g.*, *Ayala v. Am. Family Mut. Ins. Co.*, No. 08-cv-01930-PAB-KLM, 2009 WL 185596 (D. Colo. Jan. 23, 2009) (Brimmer, J.); *Krein v. Am. Family Mut. Ins. Co.*, No. 08-cv-01496-MSK-KLM, 2008 WL 4879174, *1 (D. Colo. Nov. 7, 2008) (Krieger, J.); *Hill v. Am. Family Mut. Ins. Co.*, No. 08-cv-01447-REB-KLM, 2008 WL 4533661, *2 (D. Colo. Oct. 3, 2008) (Blackburn, J.); *Humphreys v. Am. Family Mut. Ins. Co.*, No. 08-cv-01299-WYD-CBS, 2008 WL 2787344, *2 (D. Colo. July 15, 2008) (Daniel, J.); *Braden v. Kmart Corp.*, No. 07-cv-01727-LTB, 2007 WL 2757628, *2 (D. Colo. Sept. 20, 2007) (Babcock, J.); *Ralph v. SNE Enters., Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, *1 (D. Colo. June 22, 2007) (Miller, J.); *Harding v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007) (Kane, J.); *see also Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 WL 1440090 (D. Colo. May 20, 2009) (Arguello, J.) (noting that while the Civil Cover Sheet alone may not prove the amount in controversy, it may weigh in favor of jurisdiction where buttressed by additional evidence).

As explained by Judge Krieger in *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007), the Civil Cover Sheet is not reliable evidence of the amount in controversy because it lacks certification of counsel pursuant to Fed. R. Civ. P. 11 or C.R.C.P. 11 and offers the Court no basis on which to discern whether the

plaintiff seeks damages that are recoverable under applicable law. The rationale set forth in *Baker* is equally applicable here, and I hold that defendant may not satisfy its burden to demonstrate the amount in controversy merely by reference to the Civil Cover Sheet.

The defendant failed to present affidavits, admissions, interrogatory responses, or other sources of information to prove the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 954, 956 (10th Cir. 2008) (discussing documents that may demonstrate the amount in controversy). Without some factual basis or duly-informed estimate, the Court declines to speculate as to the value of the plaintiff's claims.

After careful review of the Notice of Removal and other documents filed along with it, including the State court complaint, I conclude that defendant failed to meet its burden to "prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000." *McPhail*, 529 F.3d at 953 (internal quotation marks omitted).

Therefore, it is

**ORDERED** that this case is REMANDED to the District Court, Denver County, Colorado, where it was originally filed as Case No. 2009CV4441.

DATED June 8, 2009.

                                        BY THE COURT:

                                        s/Philip A. Brimmer  
                                        PHILIP A. BRIMMER  
                                        United States District Judge